IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40111

_____


WILLIAM DUNCAN; BRIAN D SUTCLIFFE

                              Plaintiffs-Appellees

                    versus

HOUSE OF BOATS INCORPORATED

                              Defendant-Appellant.


_____

Appeal from the United States District Court
For the Southern District of Texas
(C-95-CV-481)

_____

April 16, 1998

Before WISDOM, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     This is an appeal from a bench trial of claims for damages to
a fishing vessel suffered when it was hauled for repairs.  We
AFFIRM in part and REVERSE in part.

     William Duncan, the co-owner, delivered Empty Pockets, his
charter fishing vessel, to the House of Boats boatyard to locate
and repair a leak.  He signed work authorization forms for the
wooden hull, forty-eight foot vessel and left.  The following

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

morning the under structure of Empty Pockets collapsed as the keel took its weight in the blocking process.

Duncan later sued asserting claims of fraud, negligence and breach of contract. The fraud claim rests on Duncan's assertion that the owner of the boatyard promised that he would take care of the problem if Duncan would not file a claim with the insurer of the House of Boats and that defendant did not intend to honor the promise when it was made. Duncan also asserted that the defendant had breached its written work authorization agreement, was negligent in handling the vessel thus damaging the boat, and was negligent in securing it in storage, allowing it to be stripped of valuable equipment.

The district court found fraud, negligence and breach of contract and awarded Duncan $37,000 in actual damages for the loss of the vessel, $13,000 for equipment stripped from the boat, $36,000 in punitive damages and $14,800 in attorneys' fees. The judgment and the confusing assertion of multiple theories of recovery offer an array of difficult legal issues, including the interplay of tort and contract, and the applicability of the statute of frauds for a purchase of goods inhering in the claimed representations following the damage to the boat in the blocking operation. We need not enter this swamp, given our view of the case.

Whether Empty Pockets was old, in failing health and met its natural demise or was healthy, but mishandled, was sharply

2

disputed. We are persuaded that there is sufficient evidence to support the findings of ordinary negligence or a breach of the written work order, but no more, and the actual damages and attorneys' fees awarded are properly sustained on these findings of negligence.

The record will not, however, support an award of punitive damages on the facts of this case. There is no relevant evidence of reckless or wanton behavior or that any promise was deceitful or a cause of the damage.

The award of punitive damages is reversed, and the judgment is affirmed in all other respects.

AFFIRMED in part and REVERSED in part.